# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2021

Lyle W. Cayce
Clerk

————————

No. 21-60095

————————

CARGO TRANSPORTERS, INCORPORATED; DUPRE LOGISTICS, L.L.C.; FFE TRANSPORTATION SERVICES, INCORPORATED; JB HUNT TRANSPORT SERVICES, INCORPORATED, PUBLICLY TRADED AS HUNT TRANSPORT SERVICES, INCORPORATED; KLLM TRANSPORT SERVICES; KNIGHT TRANSPORTATION, INCORPORATED, PUBLICLY TRADED AS KNIGHT SWIFT TRANSPORTATION HOLDINGS, INCORPORATED; MAVERICK TRANSPORTATION, L.L.C.; SCHNEIDER NATIONAL CARRIERS, INCORPORATED, PUBLICLY TRADED AS SCHNEIDER NATIONAL, INCORPORATED; SWIFT TRANSPORTATION COMPANY, INCORPORATED, PUBLICLY TRADED AS KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INCORPORATED; USXPRESS, INCORPORATED, PUBLICLY TRADED AS US XPRESS ENTERPRISES, INCORPORATED; MAY TRUCKING COMPANY,

*Petitioners,*

*versus*

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,

*Respondent.*

————————————————————————

Petition for a Writ of Mandamus
to the Fed Motor Carrier Safety Admin
Agency No. 49 C.F.R.5.11
Agency No. 49 C.F.R. 389.21

————————————————————————

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Several trucking companies petition this court for a writ of mandamus compelling the Administrator of the Federal Motor Carrier Safety Administration to publish their petition for an exemption from drug testing regulations. This exemption would permit them to use hair analysis—rather than urine analysis—for the random drug tests they must administer to employees.

Although section 5204(a) of the Fixing America's Surface Transportation Act, Pub. L. No. 114-94, 129 Stat. 1312, 1535 (2015) (codified as a note to 49 U.S.C. § 113), provides that the Administrator shall publish a petition "not later than 60 days after the date of receipt of a petition," section (b) provides that "[t]he Administrator may treat multiple similar petitions as a single petition for the purposes of subsection (a)."

The trucking companies previously petitioned for a similar exemption that would permit them to use hair analysis for the pre-employment drug tests they must administer. Controlled Substances and Alcohol Use and Testing: J.B. Hunt Transport, Inc., et al., Application for Exemption, 82 Fed. Reg. 6688 (Jan. 19, 2017). The only difference between that petition and the one the companies seek to compel the Administrator to publish is the point at which the drug test is administered. Accordingly, because the Administrator may treat these similar petitions as a single petition under section 5204(b), she was not required to publish the companies' second, similar petition.

"Mandamus is an extraordinary remedy, available only where government officials clearly have failed to perform nondiscretionary duties."

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997). "The legal duty must be set out in the Constitution or by statute, and its performance must be positively commanded and so plainly prescribed as to be free from doubt." *Id.* (citation omitted). The companies have failed to make such a showing.

The petition for a writ of mandamus is denied.